**Augustin GOMEZ, Petitioner– Appellant,**

v.

**John ASHCROFT,[1] Attorney General, Respondent–Appellee,**

No. 00–55423.

D.C. CV–99–02137–MLH.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 6, 2001 [2].

Decided Dec. 13, 2001.

Before PREGERSON, TASHIMA, and BERZON, Circuit Judges.

MEMORANDUM [3]

Augustin Gomez, a citizen of Mexico, applied for suspension of deportation pursuant to former INA § 244(a)(1), 8 U.S.C. § 1254(a)(1), and argued his claim to an immigration judge before Congress enacted the Illegal Immigration Reform and Immigrant Responsibility Act ("IIRIRA"). The immigration judge concluded that Gomez had satisfied the seven-year continuous residency requirement for suspension of deportation but denied his petition for failure to show extreme hardship. Gomez appealed to the Board of Immigration Appeals ("BIA") for review of the immigra-

1. John Ashcroft is substituted for his predecessor, Janet Reno. See Fed. R.App. P. 43(c)(2).

2. The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

3. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

tion judge's decision that Gomez did not establish extreme hardship. Between the time that the immigration judge concluded that Gomez had satisfied the continuous residency requirement and the time that the BIA reviewed Gomez's petition, IIRIRA went into effect. IIRIRA provided a new method, known as the "stop-time rule," for determining whether a petitioner satisfied the seven-year continuous residency requirement. The BIA applied the stop-time rule retroactively and dismissed Gomez's petition without reviewing the immigration judge's decision that Gomez did not establish extreme hardship.

Gomez filed a petition for writ of habeas corpus alleging that the retroactive application of IIRIRA violates his due process rights and violates the presumption against retroactivity. The district court denied Gomez's petition for writ of habeas corpus. This petition is governed by IIRIRA's transitional rules. *Kalaw v. INS,* 133 F.3d 1147, 1150 (9th Cir.1997). This court has jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm the district court.

Before IIRIRA, an alien was eligible for suspension of deportation if he or she "ha[d] been physically present in the United States for a continuous period of not less than seven years immediately preceding the date of [the] application" and met certain other conditions. *See* former INA § 244(a)(1), 8 U.S.C. § 1254(a)(1). Commencement of deportation proceedings had no effect on an alien's accrual of the requisite seven years. Congress fundamentally altered this system by enacting IIRIRA's stop-time rule. The stop-time rule provides that the period of continuous physical presence in the United States stops accruing upon service of an order to show cause. INA § 240A(d)(1), 8 U.S.C. § 1229b(d)(1). Thus, after IIRIRA, aliens must meet the continuous physical presence requirement before the commencement of deportation proceedings.

Gomez's argument that the retroactive application of the stop-time rule violates his due process rights is foreclosed by *Ram v. INS,* 243 F.3d 510 (9th Cir.2001). In *Ram,* the Ninth Circuit held that the stop-time rule applies to suspension of deportation cases heard by an immigration judge or on appeal after IIRIRA took effect on April 1, 1997. *Id.* at 516.

Gomez is not eligible for suspension of deportation under INA § 244(a) because, as a result of the operation of the stop-time rule enacted by IIRIRA, he cannot meet the seven-year continuous residency requirement. Since Gomez's challenges to the stop-time rule fail, the denial of Gomez's petition for writ of habeas corpus is AFFIRMED.